# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-1095</u>

$248.00 COST PAID

Weans, Neena L

_____
**PLAINTIFF**

                                      **VS.**

SWIFT TRANSPORTATION SERVICES,
LLC, DBA SWIFT TRANSPORTATION

_____
**DEFENDANT**

## SUMMONS

TO: SWIFT TRANSPORTATION SERVICES, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

       **Veronica Brown**

       **2310 Parklake Drive, Suite 300**
       **Atlanta, Georgia 30345**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of March, 2021.**

                    Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1095**

**MAR 25, 2021 02:42 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **NEENA LEE WEANS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.:** |
| | ) | |
| **SWIFT TRANSPORTATION SERVICES,** | ) | **JURY TRIAL DEMANDED** |
| **LLC d/b/a SWIFT TRANSPORTATION;** | ) | |
| **and JOHN DOE CORPORATIONS (1-5),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, NEENA LEE WEANS, (hereinafter "Plaintiff"), in the above-styled action, and files their Complaint against the Defendants **SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION; and JOHN DOE CORPORATIONS (1-5),** and shows the court as follows:

### PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Defendant liable for a motor vehicle collision that occurred on March 21, 2019 causing personal injuries to Plaintiff.

### PARTIES, JURISDICTION, AND VENUE

2.

At all relevant times in the instant litigation, Plaintiff is a citizen of the State of Georgia and submits to the jurisdiction of this court.

3.

At all relevant times in the instant litigation, **SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION** authorized to do business in the state of Georgia. Defendant **SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT**

**TRANSPORTATION** maintains a principal place of business 2200 S. 75th Avenue, Phoenix, Arizona 85043.

4.

Defendant   may be served with Summons and Complaint through its registered agent, Corporate Creations, Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

5.

Defendants JOHN DOE CORPORATIONS NO. 1 through 5 are believed to be Georgia or foreign corporations, partnerships, associations or other legal entities that have transacted business in the State of Georgia and are responsible for the injuries and damages incurred by Plaintiff.  Once the identity and the whereabouts of the John Doe Defendants are established, said Defendant(s) will be served with a copy of summons and complaint as provided by law.  Defendants JOHN DOES No. 1 through 5 are subject to the jurisdiction and venue of this Court.

6.

Defendant John Does 1-5 are believed to be a citizen and a domiciliary of the State of Georgia and is responsible for the injuries and damages incurred by Plaintiff.  Once the identity and the whereabouts of the John Doe Defendant is established, said Defendant will be served with a copy of summons and complaint as provided by law.

7.

The true names and/or capacities, whether individual, corporate, associate or otherwise of Does 1 through 5, inclusive, are unknown to Plaintiff at this time, and who therefore sue said defendants by such fictitious names.  Plaintiff are informed and believe and thereupon allege that each of the defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and thereby proximately and legally caused the injuries and damages to Plaintiff as hereinafter alleged. The Plaintiff will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

8.

At all times mentioned herein, defendant and DOES was the agent, employee and representative of each other. and in doing the things hereinafter alleged. was acting within the course and scope of such agency, service and representation, and directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

9.

Whenever and wherever reference is made in this Complaint to any conduct of Defendants or any of them, such allegations or references shall also be deemed to mean the conduct of each Defendant, acting individually, jointly and severally.

10.

Defendants are subject to jurisdiction of this Court and venue is proper under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia.

11.

The subject collision occurred on Flat Shoals Road near Highway 138, Rockdale, Clayton County, State of Georgia.

12.

Defendants are subject to the jurisdiction of this Court and venue is proper in this Court.

**OPERATIVE FACTS**

13.

On March 21, 2019 Plaintiff, NEENA LEE WEANS was traveling west on Flat Shoals Road near Highway 138.

14.

At all times material, Plaintiff NEENA LEE WEANS was operating a 2017 Nissan Altima.

15.

At approximately the same time and date, Deon Stanley Jr. was operating Deon Stanley Jr. tractor-trailer owned by SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION and was situated next to the Plaintiff.

16.

Suddenly and without warning, Deon Stanley Jr. struck Plaintiff's vehicle and then struck her vehicle again.

17.

Deon Stanley Jr. stated to the responding officer, Garrett Green of Conyers County Police Department that he did not see the Plaintiff's vehicle and did not realize that he had struck her vehicle.

18.

At all times relevant to this action, the 2018 Freight Cascade tractor trailer was operated by Deon Stanley Jr. and registered to Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

19.

Responding Officer C. Ingram of DeKalb County Police Department responded and investigated the collision.

20.

Deon Stanley Jr. received the sole citation for this incident for violation of O.C.G.A. §40-6-48.

21.

Deon A. Stanley, Jr's failure to avoid the incident is the last negligent act leading up to the incident and foreseeably caused the accident which injured the Plaintiff.

22.

Plaintiff in no way contributed to the collision.

23.

At all relevant times, the weather was clear, surface conditions were dry, the lighting conditions was consistent with daylight, and the road character was straight and level, free of defects.

24.

At all times material to this action, Deon Stanley Jr. was the driver of the Deon Stanley Jr. tractor trailer that was registered to Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

25.

As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of the Deon A. Stanley, Jr, Plaintiff was physically and emotionally injured.

26.

By reason of the foregoing, Plaintiff are entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

## COUNT I –NEGLIGENCE

27.

Plaintiff incorporates by reference, as fully set forth herein, Paragraph 1 through 26 of the Complaint in its entirety.

28.

Defendant   SWIFT   TRANSPORTATION   SERVICES,   LLC   D/B/A   SWIFT TRANSPORTATION's employee, Deon A. Stanley, Jr, was negligent and/or reckless in the operation of the Deon Stanley Jr.  tractor trailer in, among ways: failure to maintain lane, causing

the tractor trailer to strike Plaintiff's vehicle and in failing to maintain a proper lookout for Plaintiff's vehicle.

<center>29.</center>

Deon Stanley Jr. had a duty to act reasonable and use due care while driving, a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Georgia, to maintain a proper distance between vehicles and to control their vehicle to avoid a collision.

<center>30.</center>

Deon Stanley Jr. breached that duty of due care by failing to maintain a proper distance between vehicles, failing pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the laws and rules of the State of Georgia, failing to maintain proper speed for the conditions, and failing to control their vehicle in order to avoid a collision.

<center>31.</center>

Deon Stanley Jr. as the driver owed a duty to operate the vehicle in a safe and reasonable manner, to maintain a proper lookout; to pay attention at all times, to properly control the vehicle, and to exercise proper care as required to operate motor vehicles under like and similar circumstances.

<center>32.</center>

Deon Stanley Jr. breached the above-referenced duties and was therefore negligent.

<center>33.</center>

As a direct and proximate result of the collision, Plaintiff sustained physical and emotional injuries.

<center>34.</center>

As a direct and proximate result of the collision, Plaintiff incurred significant medical expenses.

<center>-6-</center>

35.

Defendants have not spoken to Plaintiff and has no knowledge of her injuries.

36.

Defendants have no personal basis to claim Plaintiff's injuries are not real.

37.

Deon Stanley Jr. owed Plaintiff a legal duty to adhere to a reasonable standard of conduct in operating a motor vehicle on the roadways of the State of Georgia.

38.

Deon Stanley Jr. breached this standard of conduct by:

(a)     Failure to Maintain Lane in violation of O.C.G.A. §40-2-48;

(b)     In failing to observe or undertake the necessary precautions to keep the Deon Stanley Jr.  tractor trailer from colliding with the Plaintiff vehicle in violation of O.C.G.A. §40-6-390;

(c)     In driving the Deon Stanley Jr.  tractor trailer without due circumspection and in a manner so as to endanger the person(s) and/or property of others in the immediate vicinity in violation of O.C.G.A. §40-6-241;

(d)     In failing to drive a vehicle as nearly as practicable within a single lane;

(e)     In failing to make reasonable and proper observations while driving; if reasonable and proper observations were made, failing to act on them;

(f)     Driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

(g)     Causing the collision that injured the Plaintiffs; and

(h)     Other negligent and reckless acts and omissions as may be shown at trial.

## COUNT II-IMPUTED LIABILITY

39.

Plaintiff reallege and incorporates herein the allegations contained in prior paragraphs as if fully restated.

40.

At the time of the subject collision, Deon Stanley Jr. was under dispatch for, and/or driving within the course and scope of his employment with, Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

41.

At the time of the subject collision, Deon Stanley Jr. was operating the Deon Stanley Jr. tractor trailer on behalf of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

42.

Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION is a Georgia based corporation operating a fleet of trucks. Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION is registered with the Georgia Secretary of State offering services to its consumers. Pursuant to state laws and under the doctrines of agency or apparent agency, Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION is responsible for the actions of Deon Stanley Jr. for the collision described in this Complaint.

## COUNT III- NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

43.

Plaintiff reallege and incorporates herein the allegations contained in the prior paragraphs above as if fully restated.

44.

Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION, was negligent in hiring Deon Stanley Jr. and entrusting him to drive a vehicle.

45.

Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION was negligent in failing to properly train Deon A. Stanley, Jr.

46.

Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION was negligent in failing to supervise Deon A. Stanley, Jr.

47.

Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's negligence in hiring Deon A. Stanley, Jr, entrusting him to drive a vehicle owned by the Defendant and failing to train and supervise him properly was the proximate cause of the collision at issue and the injuries to of Plaintiff.

## COUNT IV DAMAGES

48.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs as if fully restated.

49.

As a direct and proximate result of the Defendants' negligence, Plaintiff have incurred reasonable and necessary medical expenses which are itemized below:

| Medical Provider | Amount of Bill |
|---|---|
| National EMS | $1,290.00 |
| Piedmont Rockdale Hospital | $2,095.00 |
| Inphynet Primary Care Phy SE PC | $498.00 |
| Summit Radiology Services, PC | $48.00 |

| Peachtree Therapy | $2,775.00 |
|---|---|
| Ortho Sports & Spine Physicians | $25, 901.90 |
| Future medical specials | $178,000.00 |
| **TOTAL** | **$208,607.90** |

50.

Plaintiff is seeking special damages in excess of $15,000.

51.

Plaintiff is seeking general damages for her past physical and mental pain and suffering.

52.

As a direct and proximate result of Defendant's negligence, Plaintiff have endured physical and mental pain and suffering and is thereby entitled to an award of general and special damages.

**WHEREFORE**, Plaintiff NEENA LEE WEANS prays for the following:

(a)     That process and summons issue requiring Defendants SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION and John Doe Corporations (1-5) to appear as provided by law and to answer the allegations of this Complaint;

(b)     A trial by jury;

(c)     Recovery for her past physical pain and suffering;

(d)     Recovery for her past mental and emotional pain and suffering;

(e)     Recovery of her past and future special damages in the amount of **$208,607.90** for Plaintiff (*this amount may be updated by timely amendment to this Complaint*);

(f)     Recovery for general damages in an amount that is fair and just;

(g)     That all costs be cast against Defendants SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION and John Doe Corporations (1-5); and

-10-

(h)     For such other and further relief as the Court deems just and appropriate.


Respectfully submitted this 25<u>th</u> day of March, 2021.

                              **CAMBRE AND ASSOCIATES, LLC**

                              /s/ *Hanna Moore, Esq.*
                              Hannah Moore
                              Georgia Bar No.: 581504

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
Phone: (770) 502-6116
Fax: (404) 541-3485
Email: Hannah@glenncambre.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1095**

**MAR 25, 2021 02:42 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

### IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **NEENA LEE WEANS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.:** |
| | ) | |
| **SWIFT TRANSPORTATION SERVICES,** | ) | **JURY TRIAL DEMANDED** |
| **LLC d/b/a SWIFT TRANSPORTATION;** | ) | |
| **and JOHN DOE CORPORATIONS (1-5),** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
### TO DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT
### TRANSPORTATION

**TO:   DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A
SWIFT TRANSPORTATION**

**VIA SERVICE WITH SUMMONS AND COMPLAINT**

**COME NOW**, Plaintiff SHANNON WHITEHEAD ("Plaintiff"), in the above-styled action, and serves these Requests for Admissions upon Defendant **SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION,** ("Defendant") and requests that they be fully admitted in writing and under oath within forty-five (45) days of the date of service.  These Requests for Admissions are served pursuant to the Georgia Civil Practice Act.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document,

or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the request was objectionable pursuant to the rules or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

## **DEFINITIONS**

When used in these requests to produce, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a)     The term "Defendant" and "you" and any synonym, plural and derivatives mean the Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.  See O.C.G.A. § 9-11-33(a).

(b)     "Collision" shall refer to the collision that occurred on March 25, 2019 involving the vehicle of Neena Lee Weans  and Defendant SWIFT TRANSPORTATION   SERVICES,   LLC   D/B/A   SWIFT TRANSPORTATION's vehicle and trailer.

(c)     "Vehicle," "commercial vehicle" shall refer to the vehicle as driven by Deon A. Stanley, Jr on March 25, 2019.

(d)     "Trailer" shall refer to that trailer Defendant Deon A. Stanley, Jr was

transporting at the time of the collision on March 25, 2019.

(e)     The term "assignment" shall refer to the particular deliveries or pickups Defendant Deon A. Stanley, Jr was assigned to make.

(f)     The term "route" shall refer to the route Defendant Deon A. Stanley, Jr was given on March 25, 2019.

(g)     The term "roadway" shall refer to Flat Shoals Road near Highway 138, Rockdale, Clayton County, State of Georgia

## REQUESTS TO ADMIT TO DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

### Service of Process and Venue

1.

Please admit that you have been properly served with process in this action.

2.

Please admit that you have been properly served with Summons in this action.

3.

Please admit that you have been properly served with a Complaint in this action.

4.

Please admit you raise no defense as to sufficiency of service of process in this action.

5.

Please admit that you are subject to the jurisdiction of this Court.

6.

Please admit that venue in this Court is proper as to you.

7.

Please admit that Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

8.

Please admit that on March 25, 2019, Defendant  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION, was a common carrier.

9.

Please admit that on March 25, 2019, Defendant  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION, did not have a certificate of public convenience and necessity issued by the State of Georgia.

Deon A. Stanley, Jr.'s Employment with SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

10.

Please admit that Timothy Benton Swain worked as a professional truck driver for Defendant  SWIFT  TRANSPORTATION  SERVICES,  LLC  D/B/A  SWIFT TRANSPORTATION on a regular basis.

11.

Please admit that on March 25, 2019, at the time of the incident complained of in this civil action, Deon A. Stanley, Jr was acting within the course and scope of his employment for  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

12.

Please admit that on March 25, 2019, Deon A. Stanley, Jr was a statutory employee of  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION as a professional truck driver.

13.

Please admit that on March 25, 2019, Deon A. Stanley, Jr was not a statutory employee of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION as a professional truck driver.

14.

Please admit that the vehicle Deon A. Stanley, Jr was operating on March 25, 2019, at the time of the subject collision was owned by SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

15.

Please admit that the trailer Deon A. Stanley, Jr was hauling on March 25, 2019, at the time of the subject collision was owned by SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

16.

Please admit that on March 25, 2019 Deon A. Stanley, Jr was operating the subject vehicle and trailer for the benefit of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

17.

Please admit that on March 25, 2019, Deon A. Stanley, Jr was an employee of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

18.

Please admit that at the time of the incident that is the subject of this lawsuit Deon A. Stanley, Jr was carrying out an assignment that had been given to him by SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

19.

Please admit that at the time of the incident that is the subject of this lawsuit Deon

A. Stanley, Jr was operating the subject vehicle with the knowledge and permission of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

20.

Please admit that at the time of the incident that is the subject of this lawsuit Deon A. Stanley, Jr was operating the subject vehicle without the knowledge and permission of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

21.

Please admit that at the time of the incident that is the subject of this lawsuit Deon A. Stanley, Jr was transporting merchandise with the knowledge and permission of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.

SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's

2018 Freight Cascade tractor trailer

22.

Please admit that the subject 2018 Freight Cascade tractor trailer driven by Deon A. Stanley, Jr at the time of the March 25, 2019 collision had a GVW of approximately 90,000 lbs.

23.

Please admit that the subject 2018 Freight Cascade tractor trailer being hauled by Deon A. Stanley, Jr at the time of the March 25, 2019 collision had a GVW of at least 90,000 lbs.

24.

Please admit that the combined GVWR of the truck and trailer being operated by Deon A. Stanley, Jr at the time of the March 25, 2019 collision was approximately 90,000 lbs.

25.

Please admit that the Georgia Motor Vehicle Accident Reports notes that Defendants' vehicle was a commercial motor vehicle configuration of a "truck pulling a trailer".

26.

Please admit that Deon A. Stanley, Jr was operating a commercial motor vehicle at the time of the March 25, 2019 collision.

Policies and Procedures of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

27.

Please admit that on March 25, 2019 SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION Express had in place written rules governing the operation of its vehicle being operated by its employees.

28.

Please admit that on March 25, 2019 SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION Express had in place written rules governing the coupling of its vehicles to trailers.

29.

Please admit that on March 25, 2019 SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION Express had in place written rules governing how to inspect the coupling of its vehicles to its trailers.

The March 25, 2019 Collision

30.

Please admit that  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION was listed as the carrier on the bills of lading for all deliveries Deon A. Stanley, Jr made or was scheduled to make on March 25, 2019.

31.

Please admit that  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION was listed as the carrier on the bills of lading for all deliveries Deon A. Stanley, Jr made in the week preceding March 25, 2019.

32.

Please admit that Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION guaranteed delivery of any load Deon A. Stanley, Jr delivered or was scheduled to deliver on March 25, 2019.

33.

Please admit that Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION guaranteed delivery of any load Deon A. Stanley, Jr delivered in the week preceding March 25, 2019.

SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's
Investigation of the March 25, 2019Collision

34.

Please admit that in connection with the March 25, 2019incident on which this lawsuit is based that  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION, caused an investigation to be undertaken to determine whether Deon A. Stanley, Jr violated any of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's written rules then in place governing the operation of one of its vehicles and trucks.

35.

Please admit that in connection with the March 25, 2019incident on which this lawsuit is based that  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION, did not cause an investigation to be undertaken to determine

whether Deon A. Stanley, Jr violated any of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's written rules then in place governing the operation of one of its vehicles and trucks.

36.

Please admit that the investigation referred to in the immediately preceding request for admission was undertaken by SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION in the regular course of its business.

37.

Please admit that in connection with the March 25, 2019incident on which this lawsuit is based that SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION caused an investigation to be undertaken to determine whether Deon A. Stanley, Jr violated a Georgia rule of the road governing the operation of motor vehicles.

38.

Please admit that the investigation referred to in the immediately preceding requests for admission was undertaken by  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION in the regular course of its business.

39.

Please admit that in connection with the March 25, 2019incident on which this lawsuit is based that  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION caused an investigation to be undertaken to determine whether Deon A. Stanley, Jr violated a rule of the Federal Motor Carrier Safety Act governing the operation of commercial vehicles.

40.

Please admit that in connection with the March 25, 2019incident on which this lawsuit is based that  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION did not cause an investigation to be undertaken to determine whether Deon A. Stanley, Jr violated a Federal rule of the road governing the operation of motor vehicles.

41.

Please admit that the investigation referred to in the immediately preceding request for admission was undertaken by  SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION in the regular course of its business.

Injuries to Neena Lee Weans

42.

Please admit that Plaintiff had sustained no injuries immediately prior to her vehicle's impact with your vehicle-trailer.

43.

Please admit that Plaintiff was injured as a result of the incident on which the instant action is based.

44.

Please admit that Defendant is unaware of any fact(s) supporting or tending to support a claim or contention that Neena Lee Weans  was not injured as a result of the incident on which the instant action is based.

45.

Please admit that Neena Lee Weans  sustained physical pain and suffering as a result of the incident on which the instant action is based.

46.

Please admit that Neena Lee Weans sustained emotional distress and fright as a result of the incident on March 25, 2019.

Witnesses

47.

Please admit that you are aware of no witness who can testify to having observed Neena Lee Weans operate her vehicle above the posted speed limit.

48.

Please admit that you are aware of no witness who can testify to having observed Neena Lee Weans operate her vehicle in an erratic manner.

49.

Please admit that Defendant is aware of no witness or witnesses who can testify that Neena Lee Weans caused the incident or occurrence of March 25, 2019.

50.

Please admit that Defendant is aware of no witness or witnesses who can testify that Neena Lee Weans contributed to the incident or occurrence of March 25, 2019.

51.

Please admit that Defendant is aware of no witness or witnesses who can testify to fact(s) you contend support or tend to support the claim or contention that Neena Lee Weans was negligent in connection with the incident or occurrence of March 25, 2019.

52.

Please admit that Defendant is aware of no witness or witnesses who can testify to any fact(s) you contend supports or tends to support the claim or contention that Neena

Lee Weans failed to exercise due care in connection with the incident or occurrence of March 25, 2019.

53.

Please admit that Defendant is aware of no witness or witnesses who can testify that any other person or persons caused the subject incident or occurrence of March 25, 2019.

54.

Please admit that Defendant is aware of no witness or witnesses who can testify that any other person or persons contributed to the subject incident or occurrence of March 25, 2019.

55.

Please admit that Defendant is aware of no witness or witnesses who can testify to fact(s) the support or tend to support the claim or contention that any other person or persons were negligent in connection with the subject incident or occurrence of March 25, 2019.

56.

Please admit that Defendant is aware of no witness or witnesses who can testify to any fact(s) that supports or tends to support the claim or contention that any other person or persons failed to exercise due care in connection with the subject incident or occurrence of March 25, 2019.

57.

Please admit that you are aware of no witness(es) who can testify that Neena Lee Weans was negligent in any way immediately prior to or at the time of the incident that occurred on March 25, 2019.

<u>Apportionment, Contributory Negligence, Comparative Negligence</u>

58.

Please admit that Defendant is unaware of any fact(s) supporting or tending to support the claim or contention that Neena Lee Weans caused the incident or occurrence of March 25, 2019.

59.

Please admit that Defendant is unaware of any fact(s) supporting or tending to support the claim or contention that Neena Lee Weans contributed to the incident or occurrence of March 25, 2019.

60.

Please admit that Defendant is unaware of any fact(s) supporting or tending to support your claim or contention that Neena Lee Weans was negligent in connection with the incident or occurrence of March 25, 2019.

61.

Please admit that Defendant is aware of no fact(s) supporting or tending to support your claim or contention that Neena Lee Weans failed to exercise due care in connection with the incident or occurrence of March 25, 2019.

62.

Please admit that the incident, which occurred on March 25, 2019, was not the fault of any person or entity not a party to this lawsuit.

63.

Please admit that Defendant is unaware of any fact(s) supporting or tending to support the claim or contention that any other person or persons were negligent in connection with the subject incident or occurrence of March 25, 2019.

64.

Please admit that Defendant is aware of no fact(s) supporting or tending to support the claim or contention that any other person or persons failed to exercise due care in connection with the subject incident or occurrence of March 25, 2019.

65.

Please admit that Neena Lee Weans was not negligent in any way immediately prior to or at the time of the incident that occurred on March 25, 2019.

Respectfully submitted this 25th day of March, 2021.

**CAMBRE AND ASSOCIATES, LLC**

/s/ *Hanna Moore, Esq.*
Hannah Moore
Georgia Bar No.: 581504

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
Phone: (770) 502-6116
Fax: (404) 541-3485
Email: Hannah@glenncambre.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1095**

**MAR 25, 2021 02:42 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **NEENA LEE WEANS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.:** |
| | ) | |
| **SWIFT TRANSPORTATION SERVICES,** | ) | **JURY TRIAL DEMANDED** |
| **LLC d/b/a SWIFT TRANSPORTATION;** | ) | |
| **and JOHN DOE CORPORATIONS (1-5),** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

**TO:   DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION.**

### VIA SERVICE WITH SUMMONS AND COMPLAINT

**COMES NOW**, Plaintiff Neena Lee Weans ("Plaintiff"), in the above-styled action, and requests that Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION ("Defendant" or "SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION ") answer Plaintiff's First Interrogatories, under oath and in accordance with the Georgia Civil Practice Act, within forty-five (45) days of service hereof.

### PRELIMINARY INSTRUCTIONS ABOUT DISCOVERY IN THIS CASE

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents which are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular interrogatory does, in fact, encompass facts or

documents that you believe to be properly withheld from Plaintiff, then you are instructed to so state.  In the case of such withholding in response to any of these interrogatories, you are instructed to prepare responses to the interrogatory, as asked, which includes the information which you seek to withhold based on a claim of privilege or work product and submit that full response to the Court, *in camera*, along with any other evidence which supports the claims and along with the response provided to Plaintiff, for decision by the Court of the claimed right to withhold evidence.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If in response to any of these interrogatories, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of his additional fact was "discovered" by Defendant, by whom such additional facts was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these interrogatories.

If Defendant believes that information responsive to these interrogatories is somehow confidential because it contains trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.  If Defendant intends to make such claims about responsive information, Defendant should 1) contact Plaintiff's counsel prior to responding to these request and 2) articulate the basis for the claims of confidentiality of each such document to which a claim of confidentiality is made in the

form of a log identifying each document and describing it with reasonable particularity as to time, authorship, recipients and subject.   Absent following these steps, any confidentiality objections shall be deemed waived and without merit.

Stated another way, it is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in their responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections and then fail to provide any substantive response to the discovery request in the responses.  If Defendant seeks to interpose boilerplate "burden" objection in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests**,** and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify such objections.

Any documents produced in response to these interrogatories should be mailed via postage paid First Class United States mail or sent by Federal Express to the law offices of CAMBRE & ASSOCIATES, 2310 Parklake Drive., Ste. 300, Atlanta, Georgia 30045 <u>no later than</u> forty-five (45) days from the date of service.  Plaintiff ask that any documents that are produced be identified by a Bates Number that does not obscure any written portion of the document.

## **<u>DEFINITIONS</u>**

When used in these Interrogatories, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

    (a)    The term "incident," "subject incident" and "March 25, 2019 incident" or "occurrence" when used herein shall not refer to occurrence unmixed with

negligence, but shall refer to that event of March 25, 2019 involving Neena Lee Weans, Deon A. Stanley, Jr. and SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION

(b)     The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

(c)     The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

(d)     The term "lawsuit" shall refer to the instant action.

(e)     The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or

entity.

(f)      "Vehicle" shall refer to that certain dump truck and trailer involved in the incident

(g)       "Truck driver" shall refer to Defendant Deon A. Stanley, Jr.

## INTERROGATORIES

### Corporate Background Information

1.

Please state the name, employment address and job title of all persons who are supplying and collecting the information to respond to Plaintiff's Interrogatories, Request for Production of Documents and Requests for Admissions.

2.

Please list the name and address of every organization, association, council or group by any other name to which Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION presently belongs in the trucking or transportation industry or which Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  has paid membership dues to within the five (5) years preceding the subject collision.

### Lawsuit, Process and Service of Process

3.

If   SWIFT   TRANSPORTATION   SERVICES,   LLC   d/b/a   SWIFT TRANSPORTATION  claims it is not properly designated in this lawsuit, state the proper party and/or designation.

4.

If   SWIFT   TRANSPORTATION   SERVICES,   LLC   d/b/a   SWIFT

TRANSPORTATION  claims it was not properly served, state the name and address of its agent for service.

<center>5.</center>

If   SWIFT   TRANSPORTATION   SERVICES,   LLC   d/b/a   SWIFT TRANSPORTATION  contends that this court does not have jurisdiction over it or is not the proper venue for this action, state every fact upon which you rely in support of that contention and state the county where venue should be.

<center>6.</center>

Please state the complete name; home and business addresses; and home, business, and cell phone numbers of each and every witness whom you contend can testify to the following:

(a)    Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted;

(b)    Plaintiff's Complaint against you should fail for lack of personal jurisdiction;

(c)    Plaintiff's Complaint against you should fail for improper venue;

(d)    Plaintiff's Complaint against you should fail on the ground of insufficiency of process;

(e)    Plaintiff's Complaint against you should fail on the ground of insufficiency of service of process;

(f)    Plaintiff's Complaint against you should fail for having failed to join a party under O.C.G.A § 9-11-19;

(g)    Neena Lee Weans' act(s) or omission(s) caused or contributed to this collision;

(h)     Neena Lee Weans' negligence was equal to or greater than any negligence on the part of Defendant and driver Deon A. Stanley, Jr.;

(i)     Neena Lee Weans could have, by the exercise of ordinary care, avoided her injuries which resulted from the incident that is the subject of the underlying lawsuit;

(j)     Neena Lee Weans assumed the risk for her injuries; and

(k)     Some person or entity other than Defendants engaged in acts or omissions that caused or contributed to Neena Lee Weans' injuries.

<u>Employment of Deon A. Stanley, Jr.</u>

7.

For Defendant Neena Lee Weans please state his last known address; last known work address; and last known home, work, and cell phone numbers.

8.

Please state the names of the following people employed by Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  and their present employer and employment address:

(a)     Safety Director as of the date of the subject incident and at present;

(b)     The name of the person who hired Neena Lee Weans to drive the rig involved in the subject incident;

(c)     The individual who disciplined, reprimanded, or terminated Deon A. Stanley, Jr.

(d)     All persons who wrote, compiled, edited or in any way contributed to all written materials, including, but not limited to books, pamphlets and/or guidelines, provided to Deon A. Stanley, Jr.;

(e)     All persons who wrote, compiled, edited or in any way contributed to all written materials, including, but not limited to books, pamphlets and/or guidelines, regarding the training of SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  drivers; and

(f)     All persons who were responsible for supervising Neena Lee Weans on August 29, 2018.

9.

Was Defendant Neena Lee Weans in the course and scope of his employment with Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  at the time of the incident?  If not, please identify the name, address, and telephone number of any such person or entity for whom he was performing a mission, errand or duty.

10.

Please describe what, if any, disciplinary action was taken against Neena Lee Weans as a result of the subject incident.

11.

Was Deon A. Stanley, Jr.'s employment with SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  terminated in relation to the March 25, 2019 incident involving Phillip Harris?  If yes, please explain why.  If no, please explain why.

The Commercial Vehicle Involved in the Underlying Collision

12.

Please state the following information concerning the vehicle driven by Neena Lee Weans and involved in the subject collision:

(a)     The number of axles on the vehicle;

(b)     The total allowable gross weight that the vehicle was rated for by the manufacturer;

(c)     The gross rated weight of the vehicle as supplied by the manufacturer per axle;

(d)     The gross weight for each axle at the time of the subject collision;

(e)     The gross vehicle weight rating for the trailer being pulled by Deon A. Stanley, Jr.;

(f)     The dimensions for the trailer being pulled by Deon A. Stanley, Jr.;

(g)     The total gross weight of the entire vehicle at the time of the subject collision.

13.

The name, address and place of employment of all persons making these measurements and supplying the information requested above relative to the subject tractor-trailer and rig involved in the subject incident.

14.

Please identify all persons employed by the Defendants who have personally discussed with Neena Lee Weans the facts and circumstances relating to the subject incident, identifying as to each discussion: a) the date and time each such discussion took place; b) the persons present during any part of each such discussion; c) whether any part of each such discussion was recorded; d) the custodian of any recording taken; e) whether any part of each such discussion was the subject of notes being taken; and f) the author and custodian of any notes taken.

15.

Describe, in detail, any conversations you have had with Plaintiff or Plaintiff's representative following the March 25, 2019 collision.

### Repair and Maintenance of the Subject Commercial Vehicle

16.

Please identify any and all companies and/or individuals who performed repair work on the subject vehicle in the 60 days prior to the March 25, 2019 collision.

17.

Please identify any and all companies and/or individuals who performed repair work on the subject trailer in the 60 days prior to the March 25, 2019 collision.

18.

Please identify any and all companies and/or individuals who performed repair work on the subject vehicle following the March 25, 2019 collision.

19.

Please identify any and all companies and/or individuals who performed repair work on the subject trailer following the March 25, 2019 collision.

20.

Please identify the person or persons who can testify about the mechanical problems with the Defendant's commercial vehicle (truck and trailer) which was involved in the underlying collision.

### Injuries and Medical Treatment

21.

Please state the name, address, and telephone number of all persons (whether medical providers or lay people) who have any relevant information relative to:  a) the

condition of Deon A. Stanley, Jr.'s health condition prior to the incident; b) Deon A. Stanley, Jr.'s physical and mental suffering as a result of the incident; and d) the issue of damages in this litigation.

<u>Safety Policies at SWIFT TRANSPORTATION SERVICES, LLC</u>

<u>d/b/a SWIFT TRANSPORTATION</u>

22.

Please identify all policies and procedures employed by Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  in checking a driver's qualifications prior to allowing such individual to work as a driver.  If these policies and procedures are in writing, please identify the same with sufficient particularity to satisfy a Request for Production of Documents.

23.

Please identify all policies and procedures of Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  regarding the duties of a SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  driver including but not limited to vehicle inspections and proper trailer coupling.  If these policies and procedures are in writing, please identify the same with sufficient particularity to satisfy a Request for Production of Documents.

24.

Please identify all training materials of Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  regarding the training of a SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  driver.  If these training materials are in writing, please identify the same with sufficient particularity to satisfy a Request for Production of Documents.

<u>Affirmative Defenses and Contributory Negligence</u>

25.

List each act of negligence, contributory or comparative negligence, which Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  contends that any person, corporation or entity (party or non-party) did or failed to do which caused or contributed to causing the subject incident, including the actors' names and any statutory authority, if any, which supports your contentions.

26.

Please state the factual basis for every defense stated in your Answer to the Complaint and every defense you claim to have to this action whether or not asserted in your defensive pleadings.

27.

State with specificity, including the appropriate statutory authority, if any, all defenses to which Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  believes it is entitled in this litigation which are not specifically pled in Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION 's answer.

28.

With respect to Deon A. Stanley, Jr., state:

(a)     each and every act of negligence which you contend he committed that caused or contributed to the incident;

(b)     each and every action that you contend he should have taken to avoid the incident, but did not take; and

(c)     each and every law, statute, ordinance, or regulation which you contend he

violated, as well as describing the manner in which they violated each

such law, statute, ordinance, or regulation.

Insurance Information

29.

Please state the following information concerning any and all motor vehicle

carrier liability insurance that does or may afford insurance coverage to Defendant

SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION  for

claims made in this lawsuit:

(a)     Name of the insurance companies issuing said bonds or policies;

(b)     The liability limits concerning each such policy or bond;

(c)     The names of all companies insured under said policy or bond;

(d)     The name of the company paying premiums with respect to said policies;

and

(e)     State   whether   or   not   Defendant   SWIFT   TRANSPORTATION

SERVICES, LLC d/b/a SWIFT TRANSPORTATION  defense has been

tendered to that insurer and state that insurer's position with respect to the

request that said insured defend the lawsuit and pay any liability.

30.

Please state whether or not Defendant SWIFT TRANSPORTATION SERVICES,

LLC d/b/a SWIFT TRANSPORTATION  or any other parent or related company is

covered under any additional liability insurance policy, umbrella insurance policy, excess

insurance policy or policy by any other name which does or may extend liability

insurance coverage for the claims made in this lawsuit beyond or in addition to any

primary coverage available to it for purpose of this litigation.  If so, please state the following:

    (a)    Name of the insured;

    (b)    Name of insurers issuing each such policy;

    (c)    The applicable limits of liability coverage for each such policy; and

    (d)    State whether or not such insurers have been notified of the claims made in this lawsuit and if so, when and by whom.

<u>Investigation of Motor Vehicle Collision</u>

31.

Please state the name of every person known to Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION , its attorneys or any person investigating this matter on behalf of Defendant Mystic its attorneys who has any information about how or why the incident complained of in this case occurred and include the following information with respect to each such person:

    (a)    Name, address, telephone number and employer of each such person;

    (b)    A brief description of the nature of such witness' knowledge (for example: eyewitness, police officer, medical personnel); and

    (c)    Whether or not any such witness gave any statement or account either orally, or in writing, or by tape recording, of his or her knowledge of any information relevant in this lawsuit, and if so, list the names of such witnesses giving statements, an explanation of the type of statement given, (oral, written or recorded) and the name and address of the taker and present custodian of such statement.

32.

Please state the name, address, telephone number and employer of any witness not listed above who has any information relevant to the issue of, or the manner in which the March 25, 2019 incident occurred.

33.

Please state the name, address, and telephone number of all persons (whether medical providers or lay people) who have any relevant information relative to, the decedent's health condition prior to or subsequent to the incident, physical and mental suffering as a result of the incident, or who have any information relative to the issue of damages in this litigation.

34.

Please state the name, employer, employment address and telephone number of any and all investigators, mechanics, adjusters, claims representatives, or experts, who have investigated this incident, examined any of the vehicles involved or who have in any way investigated the claims made in this lawsuit on behalf of Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION , its attorneys or its insurance company or companies.

35.

If Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION , or its attorneys, investigators or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject collision, the site of the subject incident or the vehicle involved in the incident, or which in any other ways illustrates any facts relevant to said incident please state:

(a)     The nature of such item;

(b)     How many of such items exist (for example, number of photographs, etc.);

(c)     The names, addresses, and employer of the person making or supplying such item; and

(d)     The identity of the person who has present possession of such item.

36.

Please explain how Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION   contends the subject incident occurred, why it occurred and what caused it.

Expert Witnesses

37.

Please state the name, employer, employment address, and telephone number of any person that Defendant SWIFT TRANSPORTATION SERVICES, LLC d/b/a SWIFT TRANSPORTATION   expect to call as an expert witness at the trial of the subject lawsuit, and list the subject matter upon which such expert is expected to testify, the substance of the facts and opinions to which such witness is expected to testify, and a summary of the grounds for such opinions.

38.

Please state the name, employer, employment address, and telephone number of each expert or person with specialized training who has been retained or specifically employed by the Defendant in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial.

Respectfully submitted this 25<u>th</u> day of March, 2021.

**CAMBRE AND ASSOCIATES, LLC**

<u>/s/ *Hanna Moore, Esq.*          </u>
Hannah Moore
Georgia Bar No.: 581504

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
Phone: (770) 502-6116
Fax: (404) 541-3485
Email: Hannah@glenncambre.com

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1095**

**MAR 25, 2021 02:42 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **NEENA LEE WEANS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.:** |
| | ) | |
| **SWIFT TRANSPORTATION SERVICES,** | ) | **JURY TRIAL DEMANDED** |
| **LLC d/b/a SWIFT TRANSPORTATION;** | ) | |
| **and JOHN DOE CORPORATIONS (1-5),** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT
TRANSPORTATION**

**TO: DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A
SWIFT TRANSPORTATION**

**VIA SERVICE WITH SUMMONS AND COMPLAINT**

**COME NOW**, Plaintiff Neena Lee Weans("Plaintiff"), in the above-styled action, and hereby requests that Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION (Defendant") produce the following documents and/or tangible things pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the offices of Plaintiff's counsel, CAMBRE & ASSOCIATES, 2310 Parklake Drive, Suite 300, Atlanta, Georgia 30345, or at such other time, date and location agreed to between counsel for the parties, and to serve a written response hereto within forty-five (45) days from the date of service hereof. Plaintiff hereby requests that Defendant produce for inspection and copying the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, and attorneys. This Request for Production of

Documents shall be deemed continuing in nature, requiring a supplemental response upon discovery of other or further information or documents affecting your response hereto.

A response that Defendant "will produce" documents "subject to a protective order" will be deemed a complete failure to make discovery, unless a motion for protective order has been filed with or before service of such responses on Plaintiff.  If an objection is made to producing documents without the entry of a protective order, Plaintiff is willing to enter into a protective order.  Defendant's obligations to fully respond to these requests is not modified by Defendant's preference to produce documents at some unspecified time in the future, nor is that obligation modified by Defendant's expressed intention to apply for a protective order as to unspecified documents at some unspecified future date.

If privilege is claimed as to any document otherwise covered by this Request for Production, Plaintiff requests that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status. Accordingly, you are instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents exists which are subject to such claims and do not identify in any way the facts or documents and do not provide anything to the Court for decision.  If a particular request does in fact encompass facts or documents that you believe to be properly withheld from Plaintiff, then you are instructed to so state.  In the case of documents, you are instructed to provide the Bates numbers of those documents withheld in your response.  You are further requested to immediately file a motion for protective order or otherwise submit the documents you claim a tractor trailer to withhold to the Court for decision of that

claim, while simultaneously providing Plaintiff with a privilege log, as indicated above. The submission to the Court must contain proof sustaining the claim. You are required to provide that proof to Plaintiff. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If Defendant believes that documents responsive to these requests are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such documents in a timely manner. If Defendant intends to make such claims about responsive documents, Defendant should 1) contact Plaintiff's counsel prior to responding to these requests and 2) articulate the basis for the claims of confidentiality of each such document or fact to which a claim of confidentiality is made in the form of a log identifying each document or fact and describing it with reasonable particularity as to time, authorship, recipients and subject. Absent following these steps, any confidentiality objections shall be deemed waived and without merit.

Stated another way, it is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in their responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in the responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a

manner that satisfies the burden of proof which rests on Defendant to justify such objections.

Any documents produced in response to these interrogatories should be mailed via postage paid First Class United States mail or sent by Federal Express to the law offices of CAMBRE & ASSOCIATES, 2310 Parklake Drive, Suite 300, Atlanta, Georgia 30345, no later than forty-five (45) days from the date of service.  Plaintiff asks that any documents that are produced be identified by a Bates Number that does not obscure any written portion of the document.

Plaintiff request that Defendant respond to and supplement these and all future document requests by producing the requested documents segregated according to request number and identifying by Bates numbers the documents produced in a formal written pleading and stating which numbered request they respond to.  Plaintiff requests that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

Plaintiff requests that Defendant not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to the requested documents so as to obscure any information contained on the documents or copies to be made from them or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

Plaintiff requests Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses.  The law requires production of the documents requested here within forty-five (45) days.  If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do

so, Plaintiff will extend the time, provided the extension requested is not excessive.  If for any reason, Plaintiff refuses a request for an extension, Defendant is obligated to request an extension from the Court.  The failure to produce documents within forty-five (45) days, absent agreement for an extension and absent a request to the Court for an extension, will be deemed a complete failure to make discovery, resulting in a motion for sanctions.

Pursuant to O.C.G.A. § 24-41-26, you are also directed to produce at any hearing or trial conducted in this case the tractor trailer spinals of all books, documents and tangible things referenced herein.

## DEFINITIONS

When used in these requests to produce, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a)     The term "document" is used in the broadest possible sense and shall mean without limitation, any written, printed, typed, photo static, photographed, recorded, computer-stored or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, computer discs or tapes, telegrams, messages, studies, reports, supplemental reports, analyses, contracts, agreements, agreements, working papers, summaries, statistical statements, financial statements or

work papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases comparisons, books, calendars, diaries, agenda, statistics, transcripts, purchase orders, checks, statements, receipts, return summaries, offers, printed matter, licenses, teletypes, telefaxes, invoices, worksheets, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, manuals, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, motion pictures, photographs, recordings, microfiches, films, video and audio tapes, discs, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.

(b)   "Concerning" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

(c)   The term "person" or "persons" shall mean a natural person or an artificial person, including corporations, partnerships, associations, joint ventures, or any other legally cognizable association.

(d)   With regard to a person who is an individual, the term "identify" shall require that you state his full name, present or last known residence address and telephone number, and present or last known business affiliation, address and telephone number.

(e)     With regard to a person other than a natural person, term "identity" shall require that you state its full name and present or last known address, its legal form (e.g., partnership, corporation, etc.) and the identity of its chief executive officer.

(f)     With regard to document, the use of the term "identify" shall require that you:

    i.      Describe its nature, e.g., letter, memorandum, etc.;

    ii.     State the identity of the author and the person, if any, to whom the document was addressed;

    iii.    In lieu of providing the information requested in (i) - (ii), you may instead append a copy of the document to your response;

    iv.     State the location of the tractor trailer of the document and any copies that differ from the tractor trailer; and

    v.      If the document has been altered or destroyed, identify the person who did so, the date this occurred, and the reason, if known to you.

(g)     To "identify" an oral communication shall mean to state with respect thereto:

    i.      The identification of each person who participated in the communication and the identity of each person who was present at the time such communication was made;

    ii.     The date and place where such oral communication was made:

    iii.    What each person said; and

    iv.     The identification of all documents pertaining to such oral communication.

(h)     "March 25, 2019 incident" shall refer to the incident that occurred on March 25, 2019 that resulted in the Plaintiffs' injuries.

(i)     "Vehicle" shall refer to the commercial vehicle and/or trailer being operated by Deon A. Stanley, Jr. on March 25, 2019.

(j)     The term "incident," "subject incident" and "March 25, 2019 incident" or "occurrence" when used herein shall not refer to occurrence unmixed with negligence, but shall refer to that event of March 25, 2019 in which the vehicle of Defendant collided with the vehicle being operated by Deon A. Stanley, Jr.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce true, accurate, legible copies of the following documents:

### Federal Motor Carrier Safety Act Documents and Reports

1.

A copy of the rule 49 C.F.R. 390.15(b) (Accident Register) accident register concerning the subject commercial vehicle involved in the March 25, 2019 collision with Deon A. Stanley, Jr.

2.

Copies of any and all rule 49 C.F.R. 396.11 (Driver Inspection Report) daily vehicle inspection reports concerning the subject commercial vehicle involved in the March 25, 2019 incident for the sixty (60) days prior to and thirty (30) days subsequent to the March 25, 2019 incident, including all out of service orders.

3.

Copies of any and all rule 49 C.F.R. 396.13 (Driver Inspection Report) daily vehicle inspection reports concerning the subject commercial vehicle involved in the March 25, 2019 incident for the sixty (60) days prior to and thirty (30) days subsequent to the March 25, 2019 incident, including all out of service orders.

4.

A copy of the rule 49 C.F.R. 396.13 (Driver Inspection Report) daily vehicle inspection report signed by Deon A. Stanley, Jr. on March 25, 2019

5.

Copies of any and all rule 49 C.F.R. 396.21 (Periodic Inspection Reports) vehicle inspection reports concerning the subject commercial vehicle involved in the March 25, 2019 from June 20, 2010 to the present.

6.

Copies of any and all rule 49 C.F.R. 396.3 (Inspection, Repair, and Maintenance Records) records concerning the subject commercial vehicle involved in the March 25, 2019 from September 29, 2009 to the present.

7.

Copies of any and all rule 49 C.F.R. 396.9 (Out of Service) "out of service" notices or designations concerning the subject commercial vehicle involved in the March

25, 2019 from June 20, 2010 to the present.

8.

Copies of all rule 49 C.F.R. 395.8 (Driver's Record of Duty Status) log books and/or trip sheets and dispatch records and/or documents of any other kind or by any other name which reflect trips made by Deon A. Stanley, Jr. within thirty (30) days prior to and the ten (10) days subsequent to the subject incident to include such records for the date of the March 25, 2019 incident.

9.

Copies of all "com-checks," checks, drafts, fuel tax receipts, and other documentation of any stops made by the Deon A. Stanley, Jr. during the particular trip wherein the subject incident occurred to include all stops made from the initial point of departure up to and through the time of said incident.

10.

Copies of all rule 49 C.F.R. 373.101 (Bills of Lading) delivery manifests thirty (30) days prior to and including March 25, 2019

11.

Copies of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Motor Carrier Identification Request (Form MCS-150).

12.

Copies of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's OP-1 Form.

**SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT**

### TRANSPORTATION's Drug Testing Reports and Policies

13.

A copy of the rule 49 C.F.R. 382.301 (Pre-Employment Drug Test) drug testing results for the pre-employment drug test administered to Deon A. Stanley, Jr. by Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's.

14.

A copy of the rule 49 C.F.R. 382.303 (Post Accident Drug Test) drug testing results for the post accident drug test administered to Deon A. Stanley, Jr. by Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's following the March 25, 2019 collision.

15.

A copy of any and all rule 49 C.F.R. 382.305 (Random Drug Test) drug testing results for random drug test administered to Deon A. Stanley, Jr. by Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's.

16.

A copy of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's rule 49 C.F.R. 382.601 (Alcohol and Substance Abuse Policy) drug testing results for the pre-employment drug test administered to Deon A. Stanley, Jr. by Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's.

### SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Corporate Documents

17.

A copy of any document identifying the following officers and employees of

SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Express Inc.:

    (a)    President;

    (b)    Treasurer;

    (c)    Chairman of the Board of Directors;

    (d)    Safety Director;

    (e)    All persons who interviewed and/or were involved in hiring Deon A. Stanley, Jr.; and/or

    (f)    All persons who investigated the subject collision or discussed the subject collision with the driver of the tractor trailer  involved in this collision.

18.

Any document which identifies Deon A. Stanley, Jr.'s method of compensation on March 25, 2019 for the services he was performing at the time of the subject incident.

19.

A copy of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's document retention policy.

### **SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Investigative Documents**

20.

Copies of the Defendant motor carrier's complete investigative file concerning the March 25, 2019 collision and this lawsuit.

21.

Copies of any and all documents or reports sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, Arizona Public Service Commission, the Georgia Public Service Commission, or any

other governmental agency relative to the March 25, 2019 incident.

22.

Copies of any and all documents filed as a part of an insurance claim with any insurer relating to the March 25, 2019 incident.

23.

A copy of any and all communications between Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's and any other persons relating to the subject incident.

24.

Copies of the accident register and accident report.

25.

A copy of SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's accident kit utilized by its driver following the subject collision, including any statements (written or recorded), witness names (and contact information), notes taken by the driver, and photographs (whether taken by a digital camera, disposable camera or some other method).

## Documents Related to Defendant Driver Deon A. Stanley, Jr.

26.

Copies of Deon A. Stanley, Jr.'s driver's license.

27.

Copies of Deon A. Stanley, Jr.'s commercial driver's license on March 25, 2019

28.

Copies of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's annual review reports for the years of 2017, 2018 and

2019 for Deon A. Stanley, Jr.

<div align="center">29.</div>

A copy of Deon A. Stanley, Jr.'s application for employment with Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's.

<div align="center">30.</div>

A copy of Deon A. Stanley, Jr.'s Medical Examination Certificate (Medical Card) at the time of the underlying incident.

<div align="center">31.</div>

A copy of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's complete personnel/employment file of Deon A. Stanley, Jr.

<div align="center">32.</div>

A copy of any DAC Reports in Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's possession related to Deon A. Stanley, Jr.

<div align="center">33.</div>

A complete copy of the driver's qualification file for Deon A. Stanley, Jr. including, but not be limited to: the application of employment, inquiries to and documents received from pervious employers relative to previous employment verification and performance, all records of violations and reviews of driving record, certificate of road test, certificate of written driving test, all documentation relative to the physical and medical qualification of such driver, all documents and records relative to drug and alcohol testing and said driver and all other documents of any kind contained in the driver qualification file or in the possession of the Defendant motor carrier.

34.

A copy of the payroll information concerning Deon A. Stanley, Jr. for the six months prior to and the three months subsequent to said incident (Plaintiff's counsel is not requesting copies of paychecks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).

35.

Copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of the driver operating Defendant motor carrier's tractor trailer  at the time of the March 25, 2019 incident, since the commencement of said driver's relationship with this motor carrier up to and through the date of trial.

36.

Copies of all documentation of any kind received from any person or corporation or generated by the Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's relative to performance, appraisals, criticisms, reprimands, infractions, or driving offenses committed by Deon A. Stanley, Jr. from the commencement of his employment by Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's up to and through the date of trial.

37.

Copies of all claim forms, accident reports, or other documentation evidencing any collisions, accidents, or violations by Deon A. Stanley, Jr. of the Code of Federal

Regulation, the rules of the road of any state and any moving violations indicating that he has been previously involved in any collisions, accidents or other moving violations in the five (5) years preceding the subject incident.

38.

Copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind or by any name performed upon Deon A. Stanley, Jr. by Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's, any medical provider or law enforcement agency for the five (5) years preceding the subject incident.

39.

All writings containing the results of any drug or alcohol test that was administered to Deon A. Stanley, Jr. on or after March 25, 2019

40.

Any documentation that relates to whether Deon A. Stanley, Jr. was an independent contractor/independent operator and not an employee for SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Express on March 25, 2019

41.

All documents relating to each and every instance prior to March 25, 2019 in which Deon A. Stanley, Jr. was disciplined or counseled or received additional training as a result of his operation of a SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's vehicle.

42.

All documents relating to any discipline or counseling or additional training Deon

A. Stanley, Jr. received as a result of the incident that is the subject of the underlying lawsuit.

<div align="center">43.</div>

Any document, contract or otherwise that identifies the nature of any past and present relationship between Deon A. Stanley, Jr. and Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's (i.e. lease operator, company driver, temporary driver, etc.) and include: the date the relationship began, the date the relationship terminated, and a brief description of the nature of the relationship.

<div align="center">**The Commercial Vehicle Involved in the Underlying Collision**</div>

<div align="center">44.</div>

Copies of the registration, title and license of the subject commercial vehicle as of the date of the underlying incident.

<div align="center">45.</div>

Copies of all rental contracts involving the subject commercial vehicle from January 1, 2015 through March 25, 2019.

<div align="center">46.</div>

Copy of all records generated through the use of any vehicle disabling Regeneration System with which the truck was equipped at the time of the incident.

<div align="center">47.</div>

A copy of the specifications of the commercial vehicle involved in this incident that includes:

a.      Manufacturer, make, model and year;

b.      Vehicle identification number or serial number for the tractor and the

trailer;

c.      The overall length of the vehicle;

d.      The width of the vehicle at its widest point;

e.      The wheel base measurements of the truck and the wheel base measurements of the trailer;

f.      The name of the entity to which the truck was titled;

g.      Tag number for the tractor and tag number for the trailer, including the name of the state issuing each such tag;

h.      The company identification number for the tractor and the company identification number for the trailer.

i.      Gross vehicle weight rating of trailer;

j.      Gross vehicle weight rating of trailer (unloaded); and

k.      Weight of load being carried by trailer.

### **Commercial Vehicle Maintenance and Repair Documents**

48.

Copies of the complete maintenance records for the subject tractor and subject trailer involved in this incident for the one (1) year prior to said incident and the thirty (30) days subsequent to the subject incident.

49.

Copies of any and all reports, graphs, or other documentation generated by or as a result of the use of a "trip meter," tachograph, onboard recording device, "trip monitor", "black box" or other device which records the operation of the tractor trailer  and driver involved in this incident for the trip during which this incident occurred as well as for trips made by the driver of the tractor trailer  involved in this incident for the fourteen

(14) days prior to and seven (7) days subsequent to said incident.

50.

Copies of any and all records relative to repairs made to the Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's tractor trailer involved in this incident for the three (3) years prior to the incident and those repairs made following the subject incident.

**Written and Recorded Statements**

51.

Copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, including but not limited to, the issues of liability and damages.

**Photographic Documents**

52.

Copies of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and damages.

53.

A complete copy of all aerial photographs the Defendant has taken or caused to be taken of the incident scene and/or incident location.

**SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT**

**TRANSPORTATION's DOT Authorization and Compliance**

54.

Any documentation that relates to the issuance of your USDOT number in effect at the time of the subject incident.

55.

Any documentation that relates to the issuance of your operating authority from the FMCSA that was in effect at the time of the subject incident.

56.

Any documentation that relates to the registration filed by you with any state that was in effect at the time of the subject incident.

**SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT**

**TRANSPORTATION's Memberships and Organizations**

57.

Copies of each certificate of membership in every organization, association, council or group by any other name involved in the trucking or transportation industry to which the Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's belongs or pays membership dues or has belonged to or paid membership dues to in the past five (5) years prior to the date of the subject collision.

**March 25, 2019 Shipment**

58.

A copy of any agreement between SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Express, Inc and any other person or entity that was in force and effect at the time of the subject incident that pertains to the

transportation of goods and/or freight.

## Insurance Information

### 59.

A complete copy of all policies of insurance (to include the declarations pages) may afford liability insurance coverage in this case.  This includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage.

### 60.

A copy of any reservation of any tractor trailer HTS letter or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the tractor trailer to contest the issue of coverage for the claims made in this lawsuit.

## Expert Reports and Investigations

### 61.

Copies of all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit.

### 62.

Any and all expert's reports which have been obtained from any expert who may be called to testify, and if a report has not been prepared, the preparation of such a report is hereby requested.

### 63.

A copy of the complete file, including reports, of any witness you intend to call, either live or by deposition, as an expert witness in the trial of this case.

**Medical Records, Bills and Other Documents**

64.

A copy of any and all medical records relative to Deon A. Stanley, Jr. which have been received from any hospital, doctor, or other medical provider, medical information therein, insurance company or any other entity, of any kind or by any name.

**Third-Party Document Request**

65.

Copies of all documents which relate to this suit that are received in response to any of Defendant's request to produce documents served on third parties or non-parties.

**SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's LLC's Safety and Training Documents**

66.

Copies of any employee handbooks, safety manuals, or instructional materials of any kind whatsoever which were distributed to the Defendant motor carrier's drivers or utilized in the training and monitoring of Defendant motor carrier's drivers during the time period while the driver involved in the subject incident has an employee, agent and/or operator of this Defendant motor carrier.

67.

Copies of Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Driver Handbook effective as of the date of the subject incident.

68.

Copies of this Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's policies and procedures manual, internal operating procedures or other compilation of corporate policies and procedures utilized by the

Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's personnel and in effect on the date of the incident, including the safety director or safety committee.

69.

Copies of this Defendant SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's safety handbook or documentation and compilation of policies and procedures in the area of loss control and safety that were in effect on the date of the subject incident.

**Comparative Negligence and Other Defenses**

70.

Please produce copies of any and all documents that support any contention that this incident was the fault of any person or corporation other than Deon A. Stanley, Jr. and SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION's Express, Inc., to include but not be limited to any and all reports made by experts.

71.

Any documentation that supports the factual bases of the defenses raised in your Answer.

72.

Any documentation that supports the claim that Deon A. Stanley, Jr. was not at fault in the subject incident.

73.

All documents that you contend support or tend to support the claim or contention

that Deon A. Stanley, Jr. was at fault in the subject incident.

74.

All documentation that you contend supports or tends to support the claim or contention that any person or persons other than Deon A. Stanley, Jr. were at fault in the subject incident.

75.

A complete copy of each document you contend supports or tends to support any defense that Deon A. Stanley, Jr.'s negligence caused or contributed to his death.

76.

All documentation that you contend supports or tends to support the claim or contention that any person or persons other than Deon A. Stanley, Jr. caused or contributed to the Plaintiffs' injuries.

77.

A complete copy of each and every document you contend supports or tends to support the claim or contention that Timothy Benton Swain committed no negligent act or omission in the incident that is the subject of the underlying lawsuit.

78.

All documentation that you contend supports or tends to support the claim or contention that Deon A. Stanley, Jr.'s injuries were not caused by the subject incident.

79.

All documentation that you contend supports or tends to support the claim or contention that Deon A. Stanley, Jr. did not suffer conscious emotional distress as a result of the subject incident.

80.

All documentation that you contend supports or tends to support the claim or contention that Deon A. Stanley, Jr. did not suffer conscious pain and suffering as a result of the subject incident.

Respectfully submitted this 25<u>th</u> day of March, 2021.

**CAMBRE AND ASSOCIATES, LLC**

<u>/s/</u> *Hanna Moore, Esq.*
Hannah Moore
Georgia Bar No.: 581504

2310 Parklake Drive, Suite 300
Atlanta, Georgia 30345
Phone: (770) 502-6116
Fax: (404) 541-3485
Email: Hannah@glenncambre.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

NEENA LEE WEANS,      )
                      )
     Plaintiff,       )      CIVIL ACTION FILE
                      )      NO. 21-A-1095
v.                  )
                      )
SWIFT TRANSPORTATION   )
SERVICES, LLC d/b/a SWIFT   )
TRANSPORTATION; and JOHN  )
DOE CORPORATIONS (1-5),   )
                      )
     Defendants.    )

**SWIFT TRANSPORTATION SERVICES, LLC'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant Swift Transportation Services, LLC d/b/a Swift Transportation ("Swift"), by way of special appearance, without waiving and specifically reserving all jurisdictional and venue defenses, and files its answer and defenses to plaintiff's complaint, as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, Swift answers as follows:

## PRELIMINARY STATEMENT

### 1.

Responding to the allegations in this paragraph of the complaint, Swift admits plaintiff filed this civil action seeking to hold it liable for a motor vehicle accident. Except as expressly admitted, Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## PARTIES, JURISDICTION, AND VENUE

### 2.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 3.

Responding to the allegations in this paragraph of the complaint, Swift admits its principal place of business is located at the stated address.  Except as expressly admitted, Swift denies the allegations in this paragraph of the complaint.

### 4.

Swift admits the allegations in this paragraph of the complaint.

### 5.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

OPERATIVE FACTS

13.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Swift denies the allegations in this paragraph of the complaint.

16.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

17.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

18.

Swift denies the allegations in this paragraph of the complaint.

19.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

20.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

21.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

22.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

23.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

24.

Defendant denies the allegations in this paragraph of the complaint.

25.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

26.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT I – NEGLIGENCE

27.

Swift incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

28.

Swift denies the allegations in this paragraph of the complaint.

29.

Responding to the allegations in this paragraph of the complaint, Swift admits Deon Stanley, Jr. was required to comply with applicable law.  Except as expressly admitted, Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Responding to the allegations in this paragraph of the complaint, Swift admits Deon Stanley, Jr. was required to comply with applicable law.  Except as expressly admitted, Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

32.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

33.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

34.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

35.

Swift admits the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

36.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

37.

Responding to the allegations in this paragraph of the complaint, Swift admits Deon Stanley, Jr. was required to comply with applicable law.  Except as expressly admitted, Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

38.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, including the allegations in subparagraphs (a)-(h).

## COUNT II – IMPUTED LIABILITY

### 39.

Swift incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

### 40.

Swift denies the allegations in this paragraph of the complaint.

### 41.

Swift denies the allegations in this paragraph of the complaint.

### 42.

Swift denies the allegations in this paragraph of the complaint.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC D/B/A SWIFT TRANSPORTATION

### 43.

Swift incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

### 44.

Swift denies the allegations in this paragraph of the complaint.

### 45.

Swift denies the allegations in this paragraph of the complaint.

46.

Swift denies the allegations in this paragraph of the complaint.

47.

Swift denies the allegations in this paragraph of the complaint.

## COUNT IV – DAMAGES

48.

Swift incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

49.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

50.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

51.

Swift is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

52.

Swift denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

53.

Responding to the allegations in the unnumbered paragraph immediately following paragraph 52 of the complaint, which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (h), Swift denies plaintiff is entitled to any relief from defendant under any theory, at law or in equity.

54.

Except as expressly admitted or otherwise responded to, Swift denies all allegations in the complaint.

<u>THIRD DEFENSE</u>

Swift did not breach any duty owed to plaintiff.

<u>FOURTH DEFENSE</u>

No act or omission of Swift either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against Swift.

- 11 -

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff; and no alleged act by Swift caused or contributed to the incident described in the complaint.

## SIXTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Swift asserts the affirmative defenses of assumption of the risk, contributory / comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## SEVENTH DEFENSE

Swift reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Swift prays as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)    That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
matt.stone@stonekalfus.com
Shawn N. Kalfus
Georgia Bar No. 406227
shawn.kalfus@stonekalfus.com
Attorneys for Defendant
Swift Transportation Services, LLC

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**SWIFT DEMANDS A TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 23, 2021, I served the within and foregoing SWIFT TRANSPORTATION SERVICES, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile filing system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

Hannah Moore, Esq.
Cambre and Associates, LLC
2310 Parklake Drive, Suite 300
Atlanta, GA 30345

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513

Stone Kalfus LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

NEENA LEE WEANS,                         )
                                         )
        Plaintiff,                       )        CIVIL ACTION FILE
                                         )        NO. 21-A-1095
v.                                       )
                                         )
SWIFT TRANSPORTATION                     )
SERVICES, LLC d/b/a SWIFT                )
TRANSPORTATION; and JOHN                 )
DOE CORPORATIONS (1-5),                  )
                                         )
        Defendants.                      )

## SWIFT TRANSPORTATION SERVICES, LLC'S
## DEMAND FOR TRIAL BY JURY OF TWELVE

COMES NOW defendant Swift Transportation Services, LLC d/b/a Swift Transportation ("Swift"), by way of special appearance, without waiving and specifically reserving all jurisdictional and venue defenses, and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demands that this action be tried by a jury of twelve.  Swift further shows that this demand is made before the commencement of the trial term in which this case is to be tried.

*[signature on next page]*

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
matt.stone@stonekalfus.com
Shawn N. Kalfus
Georgia Bar No. 406227
shawn.kalfus@stonekalfus.com
Attorneys for Defendant
Swift Transportation Services, LLC

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 23, 2021, I served the within and foregoing SWIFT TRANSPORTATION SERVICES, LLC'S DEMAND FOR TRIAL BY JURY OF TWELVE upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile filing system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

<div style="margin-left: 2em;">

Hannah Moore, Esq.
Cambre and Associates, LLC
2310 Parklake Drive, Suite 300
Atlanta, GA 30345

</div>

<div style="margin-left: 4em;">

/s/ Matthew P. Stone
Matthew P. Stone
Georgia Bar No. 684513

</div>

Stone Kalfus LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)